IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLENDA CHAVEZ,

    Plaintiff,

vs.                                                                                   No. 15-cv-00402 WPL/GBW

REGENTS OF UNIVERSITY OF NEW MEXICO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**
**and**
**DIRECTING CLERK OF COURT TO REMAND THE CASE TO STATE COURT**

THIS MATTER comes before the Court upon Plaintiff's "Motion to Deny Notice of Removal," which the Court construes as a motion to remand, filed May 18, 2015 **(Doc. 4)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well-taken and thus, it is granted.

## BACKGROUND

In this lawsuit, Plaintiff sues her former employer, the Regents of University of New Mexico ("Regents") for Age Discrimination, Breach of Implied Contract, Tort of Retaliatory Discharge, Whistleblowing and Deprivation of Due Process. Doc. 1-2 at 1. The Complaint was filed on April 7, 2015 in the Second Judicial District Court, County of Bernalillo. Defendant removed the case to federal court on May 11, 2015, asserting original jurisdiction over this action under 28 U.S.C. §1331.

In her motion for remand, Plaintiff contends that the Complaint alleged claims for monetary damages and equitable relief under New Mexico law only, as expressly stated in the

first paragraph of the Complaint. Defendant does not dispute this, but instead argues that Plaintiff's allegation of a deprivation of due process in Count Five must have been brought under the United States Constitution, since there is no State law-enabling statute on which to base a civil action for an alleged deprivation of due process under the New Mexico Constitution. Defendant contends that absent an express waiver of immunity under state tort law under the Tort Claims Act, NMSA 1978, §41-4-4(A), Plaintiff cannot assert a state law claim. *See Begay v. State,* 104 N.M. 483, 488 (Ct.App. 1985) ("The Tort Claims Act specifically includes state constitutional violations committed by public officers and governmental entities within the torts for which liability may be found, provided that the violations are committed by an entity or officer included in the Act's waivers.").

Federal courts are courts of limited jurisdiction. *U.S. ex rel. Fine v. Advanced Sciences, Inc.*, 99 F.3d 1000, 1004 (10th Cir. 1996). The "well pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Defendant's argument goes to the merits of the due process claim in Count Five, *not* to whether the complaint asserts a claim over which this Court has original jurisdiction. The Plaintiff has expressly stated in the Complaint that the claims asserted within the pleading are based on New Mexico law, and Defendant cannot assail that definitive assertion here by arguing that one of the claims should be dismissed on its merits. Whether Plaintiff will prevail on any of the claims is irrelevant to whether Plaintiff has chosen to assert claims under federal or state law. *See Garley v. Sandia Corp.,* 236 F.3d 1200, 1207 (10th Cir. 2001) (plaintiff is considered to be

the "master of the claim" since "he or she may avoid federal jurisdiction by exclusive reliance on state law").  Federal jurisdiction does not come by way of default, and is not based on the viability of an asserted state law claim. Defendant has the burden of proving that federal question jurisdiction exists,  *State Farm Mutual Automobile Ins. Co. v Narvaez,* 149 F.3d 1269, 1271 (10th Cir. 1998), but has not done so here.

Finally, the Court notes that Plaintiff recently filed an Amended Complaint alongside a text entry states that the pleading was "FILED IN ERROR" and also states that "the attorney will "refile using correct event and correct caption." Doc. 9.  The pleading that was filed in error uses the state court caption and case number.   The Court mentions this entry only to point out that the would-be Amended Complaint eliminates a Count Five, emphasizing that Plaintiff wishes to leave no question but that she intended to assert only state law claims.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 4)** is hereby GRANTED for reasons set forth in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to take the necessary action to cause this case to be remanded to state court.

_____
UNITED STATES DISTRICT JUDGE

---

[1]  The Court does not make any findings here as to whether an Amended Compliant would be properly before the Court without having requested the Court's prior permission, although it does appear that the pleading would not comport with an amendment as of right under Rule 15(a).  However, in light of the Court's ruling remanding the case back to state court, that issue is moot.